**Opinion issued August 6, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-26-00060-CR

————————————

**TOMMY LEROY ANDREWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 25th District Court**
**Colorado County, Texas**
**Trial Court Case No. CR22-172 (Count Nos. I and II)**

---

## MEMORANDUM OPINION

A jury convicted Tommy Leroy Andrews of one count of indecency with a child by exposure and one count of indecency with a child by sexual contact.[1] The

---

[1] *See* TEX. PENAL CODE § 21.11(a)(1), (2)(A).

jury found one previous felony conviction enhancement paragraph "true" for each count.[2] The jury assessed a punishment of 20 years in prison and a $10,000 fine for indecency with a child by exposure with a previous conviction, and assessed a punishment of 60 years in prison and a $10,000 fine for indecency with a child by contact with a previous conviction.[3] The trial court ordered the sentences to run concurrently. Andrews appealed.

Andrews's appointed counsel has now filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel states in his brief that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

---

[2] This enhancement elevated the punishment range for indecency with a child by exposure to a second-degree felony and the punishment range for indecency with a child by contact to a first-degree felony. *See id.* §§ 12.42(a)–(b), 21.11(d).

[3] *See id.* §§ 12.32, 12.33.

Further, Andrews's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Andrews and informed him of his right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[4]

Andrews did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. And we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We therefore affirm the judgments of the trial court and grant counsel's motion to withdraw.[5] *See* TEX. R. APP. P. 43.2(a). Attorney Gregory Sherwood must

---

[4] Subsequently, this Court also notified Andrews at his last known address of his right to access the record and file a response and provided him with a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

[5] Appointed counsel still has a duty to inform Andrews of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guiney and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).